FILED
DISTRICT COURT OF GUAM
JAN 22 2004
MARY L. M. MORAN
CLERK OF COURT

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Territory of Guam** |
|---|---|

| Name of Movant **Isagani Dela Pena, Jr.** | Prisoner No. **00944-093** | Case No. |
|---|---|---|

Place of Confinement **U.S. Penitentiary at Atwater, California**

| UNITED STATES OF AMERICA | V. | **Isagani Dela Pena, Jr.** (name under which convicted) |
|---|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **U.S. District Court for the Territory of Guam**

2. Date of judgment of conviction **October 22, 2001**

3. Length of sentence **365 months**

4. Nature of offense involved (all counts) ① **Conspiracy to Distribute, 21 USC § 841(a)(1) and 846;** ② **Distribution, 21 USC § 841(a)(1);** ③ **Distribution Near a Playground, 21 USC § 860; Unlawful Use of a Communication Facility, 21 USC § 841(b);** ④ **Felon in Possession of a Firearm, 18 USC § 922(g) and § 924(a)(2); Possession of a Firearm by an Unlawful Drug User, 18 USC § 922(g) and § 924(a)(2).**

5. What was your plea? (Check one)
   (a) Not guilty ■
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   **Petitioner (movant) entered no guilty plea to any count or indictment.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ■
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ■

8. Did you appeal from the judgment of conviction?
   Yes ■   No ☐

(2)

AO 243   (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court   U.S. Court of Appeals for the Ninth Circuit

   (b) Result   Conviction Affirmed

   (c) Date of result   February 26, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ■

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   Not applicable (N/A)

        (2) Nature of proceeding   N/A

        (3) Grounds raised   N/A

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐   No ☐   N/A

        (5) Result   N/A

        (6) Date of result   N/A

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court   N/A

        (2) Name of proceeding   N/A

        (3) Grounds raised   N/A

(3)

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☐   **N/A**

  (5) Result   **N/A**

  (6) Date of result   **N/A**

 (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☐   No ☐   **N/A**
  (2) Second petition, etc.   Yes ☐   No ☐   **N/A**

 (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
  **N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

 CAUTION: <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

  For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
  Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
 (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
 (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Violation of the Speedy Trial Act, 18 USC § 3103, et seq.

Supporting FACTS (state *briefly* without citing cases or law): The government failed to bring movant to trial within 70 days, as mandated by the Speedy Trial Act.

B. Ground two: The trial court violated movant's Fifth Amendment right against self-incrimination by allowing the government to elicit testimony about his post-arrest, pre-Miranda silence.

Supporting FACTS (state *briefly* without citing cases or law): The trial court allowed the government to elicit trial testimony regarding movant's request for counsel during a post-arrest, custodial interrogation by police and about movant's subsequent silence.

C. Ground three: The trial court failed to give a cautionary jury instruction regarding the credibility of the informers and/or accomplices who testified.

Supporting FACTS (state *briefly* without citing cases or law): Two government witnesses, Santos and Sabangan, both facing life sentences themselves, testified pursuant to plea agreements. The failure of the trial court to give such a cautionary instruction was prejudicial and plain error.

(5)

D. Ground four: Violation of Federal Rules of Criminal Procedure, Rule 32.

Supporting FACTS (state *briefly* without citing cases or law): At sentencing the trial court stated that it based its 365 month sentence on information it received from the probation department that was not disclosed to the defense in direct violation of Federal Rules of Criminal procedure, Rule 32.

SEE NEXT PAGE FOR ADDITIONAL GROUNDS AND SUPPORTING FACTS.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:
Grounds one through five raised in question 13 were not previously raised due to ineffective assistance of counsel (see grounds six and seven).

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ■

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Gerald E. Gray

(b) At arraignment and plea  Jehan'ad Martinez / John Austin, 238 Archbishop F.C., #1008 Flores St., Hagatna, Guam 96910

(c) At trial  Jehan'ad Martinez / John Austin

(d) At sentencing  Jehan'ad Martinez / John Austin

(6)

PAGE 6A: ADDITIONAL GROUNDS AND SUPPORTING FACTS

E. GROUND FIVE: The district court lacked subject matter jurisdiction because movant's mere posession of a firearm did not substantially affect interstate commerce.
SUPPOPRTING FACTS: Congress lacks legislative authority to punish criminally the mere posession of firearms without proof beyond a reasonable doubt at trial that the possession affected interstate commerce in a substantial manner.

F. GROUND SIX: Denial of effective asistance of trial counsel.
SUPPORTING FACTS: Trial counsel failed to move for dismissal pursuant to the Speedy Trial Act, failed to proffer a cautionary jury instruction, failed to raise the Rule 32 and jurisdictional violations, and failed to object to the trial court's use of secret information at sentencing.

G. GROUND SEVEN: Ineffective assistance of counsel on appeal.
SUPPORTING FACTS: Appointed appellate counsel failed to raise the above and related issues on appeal even though the appellate brief totaled only 23 pages.

AO 243 (Rev. 2/95)

(e) On appeal  Sandra Lynch, C and A Bldg., #251 Martyr St., Hagatna, Guam 96910

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ■   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ■

(a) If so, give name and location of court which imposed sentence to be served in the future:  N/A

(b) Give date and length of the above sentence:  N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐   N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_Movant is proceeding pro se._
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-12-04
Date

_Jagani dela Pena Jr._
Signature of Movant

(7)

AO 243 (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is  U. S. District Court
District of the Territory of Guam
520 W. Soledad Ave. 4th Fl.
Hagatna, Guam 96910

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.